# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEANEAN D. ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-313-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Jeanean D. Roberts requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the decision of the Commissioner and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on June 12, 1956, and was fifty-one years old at the time of the administrative hearing. She has an eleventh grade education and previously worked as a home health aide, a short-order cook, and a toy assembler (Tr. 102). The claimant alleges that she has been unable to work since June 8, 2005, because of degenerative disc disease and anxiety.

## Procedural History

The claimant applied on August 16, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Deborah L. Rose held an administrative hearing and determined the claimant was not disabled in a written opinion dated February 26, 2008. The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, she could lift/carry 10 pounds frequently and 20 pounds occasionally, and stand/walk/sit for 6 hours in an 8 hour workday, but needed to alternate between sitting and standing every 30 minutes and could stoop and crouch only occasionally (Tr. 14). The ALJ concluded that although she could not return to her past relevant work, the claimant was nonetheless not

disabled because there was work she could perform in the national economy, *e. g.*, ticket taker, card assembler, and electrical assembler (Tr. 19).

## Review

The claimant contends that the ALJ erred by failing to properly weigh the opinion of her treating physician, Dr. Don Rippee. The claimant argues in particular that the ALJ failed to develop the record regarding her anxiety and erroneously concluded that it was not severe at step two. The Court finds that the ALJ failed to properly consider the claimant's mental impairment, and the decision of the Commissioner must therefore be reversed and the case remanded for further proceedings.

The claimant visited Dr. Rippee on many occasions complaining of nervousness (Tr. 128, 129), anxiety (Tr. 158), irritability (Tr. 161), and stress (Tr. 167). He diagnosed her with anxiety and prescribed medication (Tr. 128, 129, 167). The claimant also stated in her "Function Report" that she felt unsure of herself in response to questions such as her ability to pay bills, handle money and drive (Tr. 97, 100), and that people get on her nerves after a while (Tr. 99). Further, the claimant testified at the administrative hearing that she was taking "Xanax for the nerves" (Tr. 251) and she did not drive herself to the hearing despite living close by because she felt "nervous" (Tr. 256).

The ALJ found that the claimant had severe impairments of lumbar degenerative disc disease and degenerative joint disease of the right knee and upper extremities, but that her anxiety was not a "medically determinable impairment" (Tr. 13-14). In support of the latter conclusion, the ALJ noted simply that the claimant did not obtain mental health counseling and was never referred to a mental health provider (Tr. 13).

In evaluating the claimant's mental impairment, the ALJ essentially ignored the opinion of her treating physician Dr. Rippee, *i. e.*, nowhere in her written opinion does the ALJ mention Dr. Rippee's diagnosis of anxiety. Moreover, the ALJ wholly neglected to apply the "psychiatric review technique" adopted by the Commissioner for evaluating mental impairments such as anxiety. *See Cruse v. United States Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995) ("When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly."), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). In this regard, the ALJ should have first determined whether the claimant had a "medically determinable mental impairment," and proceeded to evaluate the severity of any such impairment by assessing the claimant's functional loss in four particular areas.[2] *Grogan v. Barnhart*, 399 F.3d 1257, 1264 (10th Cir. 2005) ("[T]here is a specific two-step procedure that the Commissioner must follow when determining whether a claimant has a mental impairment. The Commissioner must first 'evaluate your pertinent symptoms, signs and laboratory findings to determine whether you have a medically determinable mental impairment(s).' Then the Commissioner evaluates 'the impact that the mental impairment has on the claimant's ability to function.'") [citations omitted];

---

[2] The areas are activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). Loss of function is assessed on a five-point scale; the first three areas utilize of loss are assessed as none, mild, moderate, marked, and extreme. The fourth is assessed as none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).

*Cruse,* 49 F.3d at 671. And the ALJ should have specifically documented her findings. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). Instead, the ALJ simply stated in conclusory fashion that the claimant did not have a "medically determinable impairment" because she did not obtain treatment from a mental health provider, which was insufficient in and of itself to support a conclusion that the claimant's anxiety was not a severe impairment. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 739 (10th Cir. 2007) ("[W]e have found no case authority requiring [a claimant] to obtain medical treatment from [a mental health specialist] before an ALJ can find that she has a severe mental impairment.").

Because the ALJ failed to properly evaluate the severity of the claimant's anxiety, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate the claimant's anxiety by applying the PRT. If any adjustments are made to the claimant's RFC, the ALJ should re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case is hereby REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 31st day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**